UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BENNY CHRIS LOWE, | ) | |
| | ) | Case No. 3:20-cv-416 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| ANDERSON COUNTY, TENNESSEE, | ) | |
| and RIDGEVIEW MENTAL HEALTH, | ) | |
| | ) | |
| *Defendants*. | | |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 (Doc. 1) and motion for leave to proceed *in forma pauperis* (Doc. 2).

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* (Doc. 2) that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Because Plaintiff is an inmate at the Anderson County Detention Facility, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)–(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of

Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     PLAINTIFF'S COMPLAINT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). For the reasons set forth below, the Court finds Plaintiff's complaint should be amended prior to a full PLRA screening.

In his complaint, Plaintiff alleges that, while housed at the Anderson County Detention Facility, he suffered bone loss from the denial of dental care. (Doc. 1, at 4.) He represents that medical staff told him that a dentist comes to treat inmates every 30 days, and that he had been placed on the "list" to be treated. (*Id*.) He alleges, however, that he has not been treated, and that this lack of treatment is due to a policy of Anderson County, Tennessee. (*Id*.) He also names Ridgewood Mental Health as a Defendant, but his complaint asserts no wrongdoing by Ridgewood Mental Health. (*Id*.)

In order to determine whether Plaintiff has stated a justiciable claim, the Court needs additional information, such as the approximate date Plaintiff was placed into the custody of the Anderson County Detention Facility, the date he first requested dental treatment through a written request, and the date he was advised that he had been placed on the list for dental treatment. Additionally, if Plaintiff has any allegations of wrongdoing against Ridgewood Mental Health, his complaint should include such allegations.

Therefore, Plaintiff will be **ORDERED** to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific responsible parties on or before **October 19, 2020**. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *see also* Fed. R. Civ. P. 8(a)(2) (requiring pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff is **NOTIFIED** that the amended complaint will completely replace and supersede his original complaint, and thus, it must be complete and not refer back to the prior pleading. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff should avoid making legal arguments in his amended complaint, but rather, he should focus on clearly and succinctly setting forth the facts—the who, what, where, when, why—of his claims. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Plaintiff is

**NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

Plaintiff is further **NOTIFIED** that the Court **WILL NOT** consider any kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will deny any motions filed before the Court has completed this screening.

Finally, Plaintiff will be **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

6. Plaintiff is **ORDERED** to complete the § 1983 form, thereby amending his complaint, on or before **October 19, 2020**, in accordance with the directives stated above;

7. Plaintiff is **NOTIFIED** that failure to comply with this order will result in the dismissal of this action for failure to prosecute and comply with an order of the Court; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**