# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

BENNY CHRIS LOWE,                          )
                                           )     Case No. 3:20-cv-416
      *Plaintiff*,                       )
                                           )     Judge Travis R. McDonough
v.                                         )
                                           )     Magistrate Judge H. Bruce Guyton
ANDERSON COUNTY, TENNESSEE,                )
and RIDGEVIEW MENTAL HEALTH,               )
                                           )
      *Defendants*.                     )

---

## MEMORANDUM AND ORDER

---

Plaintiff, a prisoner proceeding *pro se* in a civil rights action for violation of 42 U.S.C. § 1983, has filed an amended complaint that is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA") (Doc. 6).

## I.       SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.    ALLEGATIONS OF AMENDED COMPLAINT

At all times relevant to this action, Plaintiff was an inmate housed at the Anderson County Detention Facility ("ACDF"). (Doc. 6). On August 30, 2020, Plaintiff submitted a written medical request asking that he be placed on the "list to see the dentist" because he had a tooth that needed to be pulled. (Doc. 5, at 2; Doc. 6, at 3.) Nurse Artz answered the request with a notation that Plaintiff had been added "to the dental list." (Doc. 5, at 2; Doc. 6, at 3.) Thereafter, Plaintiff filed grievances on September 6, 2020; September 13, 2020; September 22, 2020; and September 25, 2020 complaining that he had not yet seen the dentist. (Doc. 5, at 1, 3-5.) Nurse Artz answered Plaintiff's first three grievances and advised Plaintiff that he was on the list to see the dentist. (Doc. 5, at 1, 3-4; Doc. 6, at 3.) On September 22, 2020 and September 25,

2

2020, Plaintiff was additionally advised that he should place a sick call request if he was having new symptoms or pain. (Doc. 5, at 4-5.) On September 25, 2020, Lt. Fenton responded to the grievance Plaintiff filed that day, advising Plaintiff that he was on the dentist's list and that Nurse Artz would visit him to evaluate his tooth. (*Id*. at 5.) Nurse Artz came to evaluate Plaintiff on September 30, 2020, and she gave him ibuprofen for pain but did not provide Plaintiff with antibiotics. (Doc. 6, at 4.) Plaintiff asks the Court to hold Anderson County "accountable" for the alleged denial of his right to dental care. (*Id*. at 5.)

## III.    ANALYSIS

### A.    Absence of Factual Allegations

Initially, the Court notes that it ordered Plaintiff to file an amended complaint after advising him of deficiencies in his initial complaint, and that the amended complaint would serve as the operative pleading in this case. (*See* Doc. 4, at 3.) Despite the Court's instructions, Plaintiff's amended complaint contains no allegations of wrongdoing by Ridgeview Mental Health or Amber Alle. As such, these Defendants will be **DISMISSED**. *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

### B.    Grievances

Plaintiff lodges a complaint that Defendants Artz and Fenton responded to his grievances in an unsatisfactory matter. However, the Court notes that inmates have no constitutional right to a grievance procedure, and they therefore have no interest in having any such grievances satisfactorily resolved. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Moreover, Lt.

3

Fenton cannot be held liable for failing to take further action in response to Plaintiff's grievances, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, Defendant Lt. Fenton will be **DISMISSED** from this action, and any claim against Defendant Artz with regard to her grievance responses will be **DISMISSED**.

### C. Dental Care

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). This provision is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id*. at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A prisoner claiming the deprivation of adequate medical care must meet both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). That is, Plaintiff must allege that (1) the medical need is sufficiently serious (the objective component) by demonstrating that he is incarcerated under conditions posing a substantial risk of harm; and (2) the official acted with "deliberate indifference" (the subjective component) in that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 834-837.

In the Sixth Circuit, "[d]ental needs fall into the category 'of serious medical needs' because '[d]ental care is one of the most important needs of inmates.'" *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008)). Whether a plaintiff has stated a cognizable claim for inadequate dental care "can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth

4

due to a lack of treatment, or the inability to engage in normal activities." *Id.* (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2nd Cir. 1998)).

### 1. Nurse Artz

Plaintiff complains that Defendant Artz failed to treat him with antibiotics. However, a prisoner cannot state a claim of deliberate indifference merely by suggesting that he should have been afforded an alternate or additional treatment. *See Estelle*, 429 U.S. at 107 (holding prisoner's difference of opinion regarding diagnosis or treatment does not rise to level of Eighth Amendment violation). Moreover, Plaintiff concedes that Defendant Nurse Artz placed him on the waiting list to see the dentist, she evaluated his ailing tooth, and she provided him with pain medication. (*See, e.g.*, Docs. 5 and 6.) Therefore, Plaintiff has not alleged any facts from which this Court could plausibly infer that Defendant Nurse Artz was deliberately indifferent to his serious dental needs, and she will be **DISMISSED** from this action.

### 2. Anderson County

Plaintiff also alleges that Defendant Anderson County, Tennessee ("Anderson County") is liable for denial of dental treatment alleged in the amended complaint. However, for Anderson County to be responsible, Plaintiff must identify some county policy or custom that caused his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978) (holding local governments can be sued under § 1983 for constitutional deprivations made pursuant to custom or policy). The Supreme Court has held:

> Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

*Bd. of County Commr's v. Brown*, 520 U.S. 397, 403-04 (1997) (citation and internal citation omitted).

Plaintiff alleges that he first requested dental treatment on August 30, 2020, and that he still had not been treated by the dentist as of September 30, 2020. (*See, generally*, Doc. 6.) Liberally construing Plaintiff's complaint in his favor, the Court finds Plaintiff has plausibly alleged that Anderson County's practice and/or custom of not having a dentist available to render emergency treatment is tantamount to deliberate indifference to Plaintiff's serious dental needs. Accordingly, the Court will allow Plaintiff's claim for the denial of dental treatment to **PROCEED** against Defendant Anderson County.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's claim that Defendant Anderson County violated his Eighth Amendment right to adequate dental treatment will **PROCEED**;

2. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Anderson County;

3. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one days of entry of this memorandum and order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

4. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

5. Defendant Anderson County shall answer or otherwise respond to the complaint within twenty-one days from the date on which it is served;

6. If Defendant Anderson County fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

7. All other claims and Defendants are **DISMISSED**; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13,

6

it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**